J-S46004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KHYLIL HODGE | : | |
| | : | |
| Appellant | : | No. 2156 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 24, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1101541-2004

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 03, 2021**

Appellant, Khylil Hodge, appeals from the judgment of sentence of 2½ to 5 years' incarceration, imposed after the court revoked the term of probation that Appellant was serving for his conviction of possession with intent to deliver (PWID).  Appellant solely challenges the discretionary aspects of his revocation sentence.  After careful review, we affirm.

The facts of Appellant's underlying PWID conviction are not necessary to our disposition of his appeal.  In regard to the lengthy procedural history of this case, we only briefly note that Appellant pled guilty to PWID in 2005 and, over the following 12 years, he repeatedly violated his probation and was resentenced for that offense.[1]  On December 11, 2017, he committed a fourth violation, which once again resulted in the revocation of his probation.  On

---

[1] The trial court provided a detailed discussion of the procedural history of Appellant's case in its Pa.R.A.P. 1925(a) opinion.  **See** Trial Court Opinion (TCO), 2/28/20, at 1-5.

June 24, 2019, the trial court resentenced Appellant to 2½ to 5 years' incarceration.

Appellant filed a timely, post-sentence motion on June 28, 2019. However, before the court ruled on that motion, Appellant filed a timely notice of appeal on July 24, 2019.[2] The court thereafter ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely complied. The court then issued its Rule 1925(a) opinion on February 28, 2020.

Herein, Appellant states one issue for our review:

Did not the [trial] court violate the tenets of the Sentencing Code, which mandate individualized sentencing, where the court did not state adequate grounds for imposing its sentence, failed to consider [A]ppellant's background, character or rehabilitative needs, and imposed an excessive sentence of 2½ to 5 years of incarceration, which was in excess of what was necessary to address the gravity of the offense, the protection of the community[,] and [A]ppellant's rehabilitative needs?

Appellant's Brief at 3.

Appellant's issue implicates the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

---

[2] Pursuant to Pennsylvania Rule of Criminal Procedure 708, a motion to modify a sentence imposed after the revocation of probation "will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E). Therefore, even though Appellant's post-sentence motion had not been ruled on by the trial court, he properly filed his notice of appeal within 30 days of his sentencing.

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Evans****, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann****, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul****, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal, and he preserved his above-stated issue in his post-sentence motion. He has also set forth a Rule 2119(f) statement in his appellate brief. Therein, Appellant claims that the court's sentence of 2½ to 5 years' incarceration is excessive in light of the fact he committed only "minor indiscretions." Appellant's Brief at 14. He also argues that the court "failed to conduct any individualized sentencing and failed to consider the factors as set forth in 42 Pa.C.S.[] § 9721(b), namely,

the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of [Appellant]." *Id.* at 13. We conclude that Appellant has raised a substantial question for our review. *See Commonwealth v. Derry*, 150 A.3d 987, 995 (Pa. Super. 2016) (holding that a claim that the violation-of-probation court failed to consider the section 9721(b) factors presents a substantial question for our review); *id.* (finding that a claim that "a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question") (citation omitted).

In reviewing the merits of Appellant's sentencing challenge, we are mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

In assessing Appellant's sentencing challenge, we have reviewed his brief, the Commonwealth's response, the certified record, and the applicable case law. We have also examined the Rule 1925(a) opinion authored by the Honorable Genece E. Brinkley of the Court of Common Pleas of Philadelphia County. We conclude that Judge Brinkley's decision appropriately addresses

the arguments Appellant presents herein.[3]   Accordingly, we adopt Judge

Brinkley's opinion as our own, and affirm Appellant's judgment of sentence for

the reasons set forth therein.

Judgment of sentence affirmed.

---

[3] We recognize that Judge Brinkley's opinion does not address Appellant's argument that she erred by considering, in fashioning his current sentence, the fact that he failed to appear for his initial sentencing hearing on February 26, 2018.  According to Appellant, he was found in contempt of court for that failure to appear, and he was sentenced "to 2 months and 29 days[,] to 5 months and 29 days of incarceration."  Appellant's Brief at 20.  He insists that, because he was punished for his contempt of court, Judge Brinkley's taking his failure to appear into account in imposing his current sentence constituted a second punishment for that conduct, thereby violating his "double jeopardy protections…."  *Id.* at 21.  Notably, Appellant did not raise this claim in his post-sentence motion, or in his Rule 1925(b) statement, which resulted in Judge Brinkley's not addressing it in her opinion.  However, our Supreme Court has held that a defendant's assertion that he was punished twice for the same offense "implicates the legality of a sentence, rendering the issue non-waivable."  *Commonwealth v. Hill*, 238 A.3d 399, 409 (Pa. 2020).

Nevertheless, Appellant's claim is meritless.  Appellant did not receive a second punishment for his contempt finding; instead, Judge Brinkley merely considered his failure to appear for his sentencing hearing — which she had continued to February 26, 2018, so he could present documentation of his employment and GED classes — as proof of his inability and/or unwillingness to rehabilitate.  *See* TCO at 8 ("Instead of using this chance to show his progress, [Appellant] failed to appear.  When he finally did appear for sentencing more than a year later, he had done nothing he was supposed to do.").  We discern no illegality, or abuse of discretion, in Judge Brinkley's considering Appellant's failing to appear for his original sentencing hearing in assessing his amenability to rehabilitation. *See Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002) (noting that a sentencing court is required "to consider the prior criminal record to ascertain a defendant's amenability to rehabilitation").

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 3/3/2021*

Circulated 02/19/2021 12:07 PM

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

| | | |
|---|---|---|
| **COMMONWEALTH** | : | **CP-51-CR-1101541-2004** |
| | : | **FILED** |
| **vs.** | : | FEB 2 8 2020 |
| | : | Office of Judicial Records<br>Appeals/Post Trial |
| | : | **SUPERIOR COURT** |
| **KHYLIL HODGE** | : | **2156 EDA 2019** |

## OPINION

**BRINKLEY, J.**                                        **FEBRUARY 28, 2020**

Defendant Khylil Hodge appeared before this Court for a violation of probation hearing.

This Court found him in direct violation and sentenced him to an aggregate term of 2 ½ to 5

years state incarceration. Defendant appealed this judgment of sentence and raised the following

issues on appeal: (1) whether the sentence imposed was manifestly excessive and unreasonable;

(2) whether the trial court failed to state adequate reasons for the sentence imposed; and (3)

whether the trial court failed to give individualized consideration to Defendant's personal

history, rehabilitative needs and background. This Court's judgment of sentence should be

affirmed.

## PROCEDURAL HISTORY

On January 24, 2005, Defendant appeared before this Court and pled guilty to Possession

with Intent to Distribute a Controlled Substance (PWID). This Court sentenced Defendant to his

negotiated sentence of one year in the County Intermediate Punishment (IP) program, with six months of house arrest and outpatient drug treatment at Gaudenzia Outreach, plus six months reporting probation. Defendant was ordered to seek and maintain employment, complete drug treatment and random urinalysis, perform 40 hours of community service, and pay all applicable fines, costs and fees.

On December 21, 2006, Defendant appeared before this Court for his first violation hearing. This Court found him in technical violation for failing to attend drug treatment and not reporting to his probation officer. Defendant was also arrested and charged with knowing and intentional possession of a controlled substance (K&I); this charge was subsequently dismissed. This Court revoked his IP probation and sentenced him to 11 ½ to 23 months county incarceration plus 3 years reporting probation. Defendant was ordered to complete 90 days in the Options drug treatment program, earn his GED, complete job training, and undergo random urinalysis.

On August 14, 2010, Defendant appeared before this Court for his second violation hearing. This Court found him in technical violation and revoked his probation. Defendant was sentenced to 11 ½ to 23 months county incarceration plus 6 years reporting probation, with credit for time served. This Court recommended that Defendant serve this sentence at Hoffman Hall, and ordered him to complete drug treatment, earn his GED, obtain job training, undergo random urinalysis, pay applicable costs and fees, and remain re-entry eligible.

On June 24, 2013, Defendant was released on parole. On November 18, 2013, Defendant appeared before this Court for his third violation hearing; he was found in technical violation for failing to find a job and not paying fines and costs. Probation was allowed to continue. He appeared before this Court numerous times throughout 2013 and 2014 for status hearings; each

2

time this Court permitted his probation to continue. On October 13, 2014, while serving probation, Defendant was arrested and charged with knowing and intentional possession of a controlled substance and patronizing prostitutes. On June 23, 2015, Defendant appeared before this Court and pled guilty to these charges. This Court sentenced him to his negotiated sentence of six months reporting probation on each count, to run concurrently with one another. On that same day, this Court found him in direct violation of his probation but allowed his probation to continue.

On April 1, 2016, Defendant appeared before this Court for a status hearing. This Court continued the matter so that Defendant could bring in documentation showing proof of employment, drug treatment attendance, and progress towards his GED. On August 13, 2017, Defendant was arrested and charged with theft by unlawful taking, receiving stolen property, and access device fraud. On November 29, 2017, Defendant appeared before the Honorable Arnold L. New and pled guilty to access device fraud. Judge New sentenced him to nine months reporting probation.

On December 11, 2017, Defendant appeared before this Court for this fourth violation hearing. First, this Court reviewed Defendant's criminal history since his original guilty plea in 2005. This Court also reviewed the Probation Department Summary Report and incorporated it into the record by reference. The probation report recommended that Defendant's probation be revoked. (N.T. 12/11/17, p. 1-8). Defense counsel stated that Defendant started a new job at Dollar Tree, continued to take GED classes twice a week, and re-enrolled in outpatient drug therapy at Casa Consejeria. Defense counsel also stated that Defendant had a certificate of achievement from the Center for Literacy dated September 2016 for an adult basic education course, but that he did not have a pay stub yet from Dollar Tree. Defense counsel acknowledged

3

that Defendant had incurred a direct violation, but asked this Court to defer sentencing so that Defendant could have an opportunity to bring in documentation about his job, education, and drug treatment. Id. at 8-12. The Commonwealth recommended probation revocation and stated that there would be no objection to a deferred sentencing date. Id. at 12. Next, Defendant spoke on his own behalf. He stated that he was recently hired by Dollar Tree through a temp agency and had been working as a cleaner on the side. He stated that he was taking "pre-tests" to prepare for the GED exam. He explained that he pled guilty to "a credit card thing." Id. at 12. This Court found Defendant in direct violation and deferred sentencing until February 26, 2018, instructing Defendant to bring in any necessary documentation regarding his employment, GED classes, and drug treatment. Id. at 13.

On February 26, 2018, Defendant failed to appear for sentencing. On June 24, 2019, more than a year later, he finally appeared before this Court for sentencing. First, after reviewing Defendant's criminal history since his original appearance before this Court in 2005, this Court found Defendant in contempt for failing to appear at his previous sentencing date after Defendant provided no reason for not showing up. (N.T. 6/24/19, p. 4-8). Next, defense counsel conceded that Defendant was in technical and direct violation, and that he had failed to earn his GED, failed to get drug treatment, and failed to bring proof of employment with him. She stated that he had been employed for the past two months at Friendly's restaurant at Neshaminy Mall. She acknowledged that Defendant had a "tortured history" due to "repeated technical and direct violations." She asked this Court to consider Defendant's employment and recommended a county sentence with work release eligibility and possible Recidivism Risk Reduction Incentive (RRRI) eligibility. In the alternative, she recommended a 1 to 3 year term of incarceration. Id. at 8-9. The Commonwealth stated that it agreed with defense counsel's recommendation, and

4

argued that a probation tail was not appropriate. Id. at 9. Next, Defendant spoke on his own behalf. He stated that he had been working and keeping himself together, but that his last job didn't pay enough so he had been working "under the table." He stated that he planned to work on his diploma. Id. at 9-10. This Court found Defendant in technical violation in addition to his direct violation from having pled guilty to access device fraud. This Court sentenced Defendant to 2 ½ to 5 years state incarceration, with RRRI eligibility. Defendant was ordered to earn his GED, complete job training, undergo random urinalysis, and pay costs and fines at a rate of $25 per month. Id. at 10-11.

On July 24, 2019, Defendant file a Notice of Appeal to Superior Court. The court reporters who attended the December 11, 2017 and June 24, 2019 violation of probation hearings are no longer employed by the First Judicial District of Pennsylvania; thus, there was a significant delay in receiving the transcribed notes of testimony from these proceedings. This Court received the June 24, 2019 notes of testimony on December 19, 2019; the notes from the December 11, 2017 hearing were received on January 29, 2020. On January 15, 2020, this Court ordered that defense counsel file a Concise Statement of Errors Complained of on Appeal Pursuant to Rule 1925(b) and defense counsel did so on January 31, 2020.

## ISSUES

I. WHETHER THE SENTENCE IMPOSED WAS MANIFESTLY EXCESSIVE AND UNREASONABLE.

II. WHETHER THE TRIAL COURT FAILED TO STATE ADEQUATE REASONS FOR THE SENTENCE IMPOSED.

III. WHETHER THE TRIAL COURT FAILED TO GIVE INDIVIDUALIZED CONSIDERATION TO DEFENDANT'S PERSONAL HISTORY, REHABILITATIVE NEEDS AND BACKGROUND.

5

## DISCUSSION

### I. THE SENTENCE IMPOSED WAS NOT MANIFESTLY EXCESSIVE OR UNREASONABLE.

Defendant claims that this Court erred when it sentenced him to 2 ½ to 5 years state incarceration after finding him in technical and direct violation, arguing that this sentence was manifestly excessive and unreasonable. This claim is without merit. The standard of review for sentences imposed following a revocation of probation is well-settled:

> The imposition of sentence following the revocation of probation
> is vested within the sound discretion of the trial court, which,
> absent an abuse of that discretion, will not be disturbed on appeal.
> An abuse of discretion is more than an error in judgment—a
> sentencing court has not abused its discretion unless the record
> discloses that the judgment exercised was manifestly unreasonable,
> or the result of partiality, prejudice, bias or ill-will.

Commonwealth v. Swope, 123 A.3d 333 (Pa.Super.2015) (quoting Commonwealth v. Colon, 102 A.3d 1033, 1043 (Pa.Super.2014)).

When considering an appeal from a sentence imposed after the revocation of probation or parole, appellate review is limited to the determination of "the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives it had at the time of the initial sentencing." Commonwealth v. MacGregor, 2006 PA Super. 336, 2006 Pa. Super. LEXIS 4088, 3 (2006) (citing 42 Pa.C.S. § 9771(c)); Commonwealth v. Gheen, 455 Pa. Super. 499, 688 A.2d 1206, 1207 (1997)). The sentencing court is limited only by the maximum sentence it could have imposed at the time of the original sentencing. Id. Pursuant to 204 Pa. Code 303.1(b), sentencing guidelines do not apply to sentences imposed as a result of revocation of probation, intermediate punishment or parole. Once probation or parole has been revoked, a sentence of total confinement may be imposed if

6

any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of court. 42 Pa.C.S.A. § 9771(c); Commonwealth v. Coolbaugh, 2001 PA Super. 77, 770 A.2d 788, 792 (2001). There is no requirement that a sentencing court's imposition of sentence be the "minimum possible confinement." Walls, 592 Pa. at 571, 926 A.2d at 965.

In the case at bar, this Court properly sentenced Defendant to 2 ½ to 5 years state incarceration after finding him in direct and technical violation of his probation. This sentence was within the statutory limits and was reasonable after considering all relevant factors. As stated above, the length of incarceration was solely within this Court's discretion and was limited only by the maximum sentence that could have been imposed at the original sentencing. Under Pennsylvania law, the maximum sentence for PWID, an ungraded felony, is 10 years, $25,000 fine, or both. This Court sentenced Defendant to 2 ½ to 5 years state incarceration with RRRI eligibility. This sentence was well within the statutory limits and was a reasonable exercise of this Court's discretion in light of Defendant pleading guilty to new crimes, failing to appear at his sentencing, and failing to comply with the terms and conditions of his sentence.

Indeed, this was Defendant's fourth violation of probation hearing since his initial negotiated guilty plea in 2005. After Defendant violated the terms of his original sentence of County IP probation, this Court imposed another county sentence with terms and conditions, including drug treatment, GED classes, and job training, designed to help Defendant turn his life around. When Defendant violated the terms of his probation again for not reporting, using drugs and getting arrested for theft, this Court once again imposed a county sentence. Once he was released on probation, this Court scheduled numerous status hearings to help Defendant stay on

7

the right track. When he appeared for status hearings and was still using drugs, still unemployed, and still had not obtained a GED, this Court allowed his probation to continue to give him more time to work on his rehabilitation. In 2015, he pled guilty to K&I and patronizing a prostitute. Although these were direct violations, this Court allowed Defendant's probation to continue. Instead of using these numerous opportunities to turn his life around, Defendant continued to use drugs, failed to comply with any of the terms and conditions of his probation, and absconded from supervision. After this Court found him in direct violation on December 11, 2017 for pleading guilty to access device fraud, upon request of Defendant's counsel, this Court continued his sentencing to a later date so that Defendant could bring in documentation of employment and GED classes. Instead of using this chance to show his progress, Defendant failed to appear. When he finally did appear for sentencing more than a year later, he had done nothing he was supposed to do. After taking all of this into consideration, this Court found it appropriate to impose a 2 1/2 to 5 year state sentence. As stated above, there is no requirement that this Court impose the "minimum possible sentence." Rather, based upon Defendant's ongoing failure to take the necessary steps to comply with the terms and conditions of probation, including incurring a direct violation, this Court found it appropriate to sentence Defendant to a term of state incarceration.

## II. THIS COURT STATED ADEQUATE REASONS FOR THE SENTENCE IMPOSED.

The Court stated sufficient reasons on the record justifying the sentence imposed. At the time of sentencing, the judge is obligated to state on the record the reason for the sentenced imposed, however the explanation need not be lengthy and "a discourse on the court's sentencing philosophy is not required." Pa. R. Crim. P. 708(C)(2); Commonwealth v. Malovich, 903 A.2d 1247 (Pa.Super.2006) (quoting Commonwealth v. McAfee, 849 A.2d 270, 275 (Pa.Super.

8

2004)). The purpose of this requirement is to provide "a procedural mechanism for the aggrieved party both to attempt to rebut the court's explanation and inclination before the sentence proceeding ends, and to identify and frame substantive claims for post sentence motions or appeal." Commonwealth v. Reaves, 592 Pa. 134, 150-151, 923 A.2d 1119, 1129 (2007). According to the Pennsylvania Supreme Court:

> VOP proceedings are often short and to the point. A convicted defendant released into the community under such control of the sentencing judge, who violates the terms of his release and thereby betrays the judge's trust, is rarely in a strong position. Unless the defendant's lapses are explainable, or there has been some mistake of fact, the question of whether release will be terminated, and if so, the length of incarceration, rests peculiarly within the discretion of the VOP judge. In instances where parole is revoked, the reason for revocation and sentence are usually obvious, and there is not much that the judge would need to say.

Id, at 153, fn. 12. More recently in Pasture, the Pennsylvania Supreme Court explained:

> Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a PSI during the initial sentencing proceedings.

107 A.3d at 453 (citing Walls, 592 Pa. at 574 n.7, 926 A.2d at 967 n.7). "[W]here the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deference standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion. Id. at 454.

In the case at bar, this Court had significant experience with this Defendant and was fully informed of the facts and circumstances of Defendant's nature and criminal history. There was

9

no need for lengthy reasons for the sentence since the reasons were glaringly obvious. The record shows that Defendant was in direct violation after pleading guilty to access device fraud. He also incurred several technical violations for failing to complete drug treatment, failing to maintain employment, and failing to earn his GED. In addition, he failed to appear at his prior sentencing hearing and, as a result, was found in contempt. At sentencing, defense counsel conceded that Defendant was in direct and technical violation and acknowledged his "long tortured history with [this Court] with repeated technical violations and direct violations." This Court was extremely well acquainted with Defendant's history and circumstances as he had appeared before her numerous times since his original guilty plea in 2005. As stated above, when the reason for revocation and sentence is obvious, there is not much more the judge would need to say. Reaves, *supra*. Since there was no question that Defendant was in direct and technical violation of his probation, this Court properly revoked his probation sentenced him to 2 ½ to 5 years state incarceration.

### III. THIS COURT GAVE INDIVIDUALIZED CONSIDERATION TO DEFENDANT'S PERSONAL HISTORY, REHABILITATIVE NEEDS AND BACKGROUND.

This Court fashioned an individualized sentence for Defendant by properly considering the factors set forth in 42 Pa.C.S.A. § 9721: the protection of the public, the gravity of Defendant's offense in relation to the impact on the victim and the community, and his rehabilitative needs. Since his guilty plea in 2005, the Court had given Defendant numerous chances to rehabilitate himself through the county intermediate punishment program, outpatient drug treatment, county probation and parole, and county incarceration. Unfortunately, Defendant failed to take his sentence seriously and his conduct while on probation indicated that he was not making meaningful progress towards rehabilitation. Revocation and a state sentence was an

10

appropriate sentence under the circumstances since Defendant was in direct violation of his probation after having pled guilty to access device fraud and was in technical violation for failing to comply with any of the terms and conditions of his sentence. In order to craft an individualized sentence, this Court considered Defendant's history since his original guilty plea in 2005, reviewed the probation officer's summary report and recommendation, heard argument from defense counsel and the Commonwealth, and listened to Defendant's allocution. After taking all of this into consideration, this Court found it appropriate to impose a 2 1/2 to 5 year state sentence. This judgment of sentence should be affirmed.

11

## CONCLUSION

After reviewing all applicable case law, statutes, and testimony, this Court committed no error. This Court properly sentenced Defendant to 2 ½ to 5 years state incarceration after finding him in direct and technical violation. Accordingly, this Court's judgment of sentence should be affirmed.

BY THE COURT:

_____

J.

12